## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONSHEEK J. BASKERVILLE,** | : | **CIVIL ACTION NO. 1:19-CV-420** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF HARRISBURG,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of March, 2019, upon consideration of the motion
(Doc. 8) for appointment of counsel filed by *pro se* plaintiff Ronsheek A. Baskerville
("Baskerville"), wherein Baskerville avers that he is without adequate knowledge
or understanding of the law to prosecute the above-captioned civil rights action,
(see id. at 1-2), and it appearing that "[i]ndigent civil litigants possess neither a
constitutional nor a statutory right to appointed counsel," Montgomery v. Pinchak,
294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d
Cir. 1997)), but that Congress permits courts to "request an attorney to represent
any person unable to afford counsel" on a *pro bono* basis if circumstances compel
that result, 28 U.S.C. § 1915(e)(1), and the court obliged to assess, as a threshold
matter, whether the moving litigant's claim has "arguable merit in fact and law,"
Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), as well as the litigant's ability to
present a case or defense, the complexity of the legal issues, the degree of factual
investigation required, whether the case requires expert witness testimony, and

whether the litigant can otherwise afford to retain counsel, <u>see</u> <u>Parham</u>, 126 F.3d at 457, and the court observing that a report and recommendation has been issued in this matter which identifies manifold factual deficiencies and legal bars to the claims asserted by Baskerville, and further observing that the issues presented in this matter are not unusually complex, and that this matter is otherwise in a preliminary stage where factual investigation, witness testimony, and the ability to present a case at trial are not yet relevant, and thus determining that neither the <u>Tabron</u> factors nor the interests of justice require appointment of counsel at this stage, but noting that we will revisit the issue of appointment of counsel in the event the court rejects the magistrate judge's report and determines that this matter should proceed beyond Section 1915(e)(2)(B) screening, and further upon consideration of Baskerville's motion (Doc. 9) for extension of time to file objections to the pending report, the court finding that the interests of justice do warrant the requested extension of time, it is hereby ORDERED that:

1.     Baskerville's motion (Doc. 8) for appointment of counsel is DENIED.

2.     Baskerville's motion (Doc. 9) for extension of time is GRANTED and Baskerville shall have until **Monday, April 8, 2019**, to file objections to the pending report and recommendation.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania